Matthew J. Piers (admitted pro hac vice)
Joshua Karsh (admitted pro hac vice)
HUGHES, SOCOL, PIERS, RESNICK & DYM, LLP
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, IL  60602
Telephone:  (312) 580-0100

Morris J. Baller (CA Bar No. 48928)
Laura L. Ho (CA Bar No. 173179)
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510)  763-9800
(510)  835-1417 (fax)

MINER, BARNHILL & GALLAND
14 W. Erie
Chicago, IL  60610
Telephone:  (312) 751-1170

Elizabeth J. Cabraser (CA Bar No. 83151)
Kelly M. Dermondy (CA Bar NO. 171716)
Jahan Sagafi (CA Bar No. 224887)
Daniel Hutchinson (CA Bar No. 239458)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3399
Telephone:  (415) 956-1000

J.M. Irigoyen (CA Bar No. 177626)
LAW OFFICES OF J.M. IRIGOYEN
2131 Amador Street
Fresno, CA  93721
Telephone:  (559) 233-1112

Alice McInerney
Joanne M. Cicala
KIRBY, McINERNEY & SQUIRE, LLP
830 Third Avenue
New York, NY  10022
Telephone:  (212) 751-2540

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENORINO RAMIREZ CRUZ; LEOCADIO de la ROSA; LIBORIO SANTIAGO PEREZ; FELIPE NAVA; IGNACIO MACIAS; and RAFAEL NAVA on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; ESTADOS UNIDOS MEXICANOS; WELLS FARGO BANK; BANCO de MEXICO; BANCO NACIONAL de CREDITO RURAL, S.N.C., as successor in interest to the BANCO de CREDITO AGRICOLA, S.A.; and PATRONATO del AHORRO NACIONAL as successor in interest to the BANCO del AHORRO NACIONAL, S.A.,<br><br>Defendants. | **CLASS ACTION**<br><br>Case No. 01-0892-CRB<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |

46361-2

Upon the Motion of Plaintiffs Senorino Ramirez-Cruz, et al., for Final Approval of Class Settlement (Doc. 319) and all the supporting papers filed with that Motion (Doc 319, Attachments 1-25), and the Defendants having no objection to the Court's granting of that Motion, and for good cause shown, and pursuant to Rule 23(e) and (g) of the Federal Rules of Civil Procedure, the Court finds and orders as follows:

1. On October 10, 2008, the Court entered an Order Granting Motion for Preliminary Approval of Settlement Agreement; Provisional Certification of Settlement Class, Class Representatives and Class Counsel; Notice to Class Members and Setting of Final Approval Hearing ("Preliminary Approval Order") (Doc. 255). That Order sets out in summary fashion the procedural history of this action and the context in which the proposed Settlement Agreement was presented to the Court and the basic settlement terms.

2. The Stipulation and Agreement of Compromise and Settlement entered into by the parties ("Settlement Agreement") was attached to their Joint Motion and Motion for Preliminary Approval as Exhibit 1 to that Motion). That Settlement Agreement is now before the Court for final approval.

3. The Preliminary Approval Order conditionally certified a settlement class consisting of All current U.S. residents who (a) worked as braceros during the period January 1, 1942 through December 31, 1946, (b) have not previously registered in the braceros registry compiled by the *Secretaria de Gobernacion* and (c) are Mexican citizens as evidenced by a Mexican passport, Mexican voting card or Mexican Military Service Card, or are the surviving spouses or children of such braceros now deceased who are or become Mexican nationals and/or dual nationals. The Order also and appointed the named plaintiffs Senorino Ramirez Cruz, Leocadio De La Rosa, Liborio Santiago Perez, Felipe Nava, Ignacio Macias, and Rafael Nava as class representatives, finding them to be adequate to serve in that capacity. The Preliminary Approval Order also conditionally certified plaintiffs' counsel, the firms of Hughes Socol Piers Resnick & Dym; Lieff Cabraser Heimann & Bernstein; Goldstein, Demchak, Baller, Borgen & Dardarian; and Lewis Feinberg Lee Jackson & Renaker as Class Counsel, finding them to be qualified to serve in that capacity and to have more than adequately represented the class. That class definition and certification, and those findings and

1  appointments with respect to the class representatives and Class Counsel, are now confirmed and made
2  final.

3    4. The Preliminary Approval Order approved the proposed Class Notice Program
4  submitted by Class Counsel (Attachment A to the Settlement Agreement) and ordered Class Counsel to
5  carry out that Program providing for an extensive campaign to disseminate public information
6  regarding the Settlement Agreement and the availability, under conditions specified in the Settlement
7  Agreement, of payments from a Braceros Social Relief Fund to members of the class, as provided for
8  in the Settlement Agreement.  As provided, notice has included publication of notice by print media,
9  radio and television, extensive outreach into the Mexican American and Mexican immigrant
10 communities through community organizations, community leaders, and direct communication with
11 individual class members.  The Settlement Agreement provides, and the Court is advised, that
12 Defendants would fund this notice program up to the amount of $500,000, and have done so; and that
13 such funding is separate and apart from the monies made available to class members through the
14 Braceros Social Relief Fund and does not diminish the amount of such monies available to class
15 members and other potential beneficiaries of that Fund.  The Court has carefully reviewed declarations
16 of Class Counsel and their employees and agents who carried out this Program, and other
17 documentation of their efforts.  Upon that review, the Court finds that the notice requirements set out
18 in and incorporated by the Preliminary Approval Order have been fully and adequately met, that the
19 class and identifiable class members have received reasonable notice which was the best practicable
20 notice and that such notice satisfies the requirements of Rule 23(e)(1)(B) and due process.

21   5. The Preliminary Approval Order provided an opportunity for class members to opt out
22 of the settlement, and approved opt-out notice and request forms as specified in the Settlement
23 Agreement (p. 6).  Of the potentially hundreds of thousands of class members (including their
24 surviving spouses and children), only three have filed timely requests to opt out: Ruben Contreras,
25 Cuauhetemoc Mondragon, and Carmen Gonzalez.  Those requests are granted, and those individuals
26 shall not be bound by the terms of the Settlement Agreement.

27   6. The Preliminary Approval Order provided an opportunity for class members to object to
28 the Settlement Agreement and specified procedures and a due date (December 23, 2008) for such

objections (pp. 6-7).  The Court has received a number of letters, all of which it will treat for the limited purpose of considering whether the settlement is fair, reasonable and adequate as objections to the Settlement Agreement, although many or most do not state or establish that the authors are members of the class defined by the Court.  A list of the persons who submitted objections, opt-outs, or letters that the Court is now treating as objections is attached as Exhibit 1 to this Order.

7. The Preliminary Approval Order provided an opportunity to members of the class who object to the settlement to appear before the Court at a final approval ("fairness") hearing on February 6, 2009 to present their objections, subject to the condition that such objecting class members have first filed their timely objections in writing and that such writing contain certain specified information.  The individuals listed in Exhibit 2 to this Order appeared at the fairness hearing and were permitted to state their objections, although it was not clearly established that each such individual was a member of the class and/or had satisfied the conditions for presenting such objection to the Court.  Those individuals were [not] represented by counsel at the fairness hearing.

8. The Court has carefully considered the letters which it has accepted as stating objections to the Settlement Agreement, together with the statements permitted to be made by objectors at the fairness hearing and Plaintiffs' response to the objection letters in their Motion seeking final approval.  Upon all the information and evidence, the Court finds that some of the "objections" do not in fact object to terms of the settlement as agreed to by the parties, some of the "objections" may not be made by class members, and that none of the objections ~~is well-taken or~~ persuades the [CRB] Court that the Settlement Agreement is other than a reasonable, fair and adequate resolution of the claims of the class members, for the reasons stated at pages 20 to 25 of Plaintiffs' Memorandum in Support of their Motion (Doc. 319).  The Court therefore overrules and rejects all of the objections.  In addressing all of the letters as constituting objections, the Court has not determined, and does not make any finding here, that any such objections are made by class members entitled to object to the Settlement Agreement, or that such objections are timely made or constitute objections to the terms of the settlement as agreed to by the parties, for any purposes other than considering the positions they state and addressing them in this Order.

9. Pursuant to the Settlement Agreement, Defendants have agreed to pay Plaintiffs' litigation costs and attorneys' fees in the total amount of $2,800,000. The Court is advised that Plaintiffs' litigation costs, exclusive of the costs of the Notice Program separately funded by Defendants, amount to approximately $500,000, so that the amount available for payment to Class Counsel as attorneys' fees after reimbursement of litigation costs they advanced to Plaintiffs is approximately $2,300,000. The Court further finds, based on declarations submitted by principals of the various law firms representing Plaintiffs and serving as Class Counsel, that in aggregate the lodestar value of the time expended by Plaintiffs' attorneys is approximately equal to, or greater than, twice the amount available for attorneys' fees, and therefore that Plaintiffs will be reimbursed for only a fraction of their actual attorneys' fees pursuant to the Settlement Agreement. The Settlement Agreement specifies that all payments to be made by Defendants for litigation costs and attorneys' fees are separate and apart from the monies available to class members and other individuals through the Braceros Social Relief Fund, and were separately negotiated and provided for in the parties' discussions and agreements; and that the payment of such litigation costs and attorneys' fees to Plaintiffs' attorneys will not diminish the recoveries obtained by or available to members of the class or other individuals who will benefit from the Braceros Social Relief Fund. Based on these findings, the Court approves the provisions of the Settlement Agreement providing for payment of litigation costs and attorneys' fees to Plaintiffs in the aggregate amount of $2,800,000.

10. Upon all of the foregoing findings, and the entire record herein, the Court finds the Settlement Agreement to be fair, reasonable, and adequate pursuant to Rule 23(e) and other applicable provisions of law, and hereby ORDERS that:

A. The Stipulation and Agreement of Compromise and Settlement is given final approval and shall be fully implemented by the parties pursuant to its terms, and

B. The Court retains jurisdiction solely for the purposes specified in paragraph 22 of the Settlement Agreement and will dismiss the action on the occurrence of the conditions specified in that paragraph.

Dated: __February 6, 2009__

_____
United States District Judge

46361-2

4

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT - CASE NO. 01-0892-CRB